IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAYMAN CONSTRUCTION
CORPORATION,

          Plaintiff,

v.

VELOTTA COMPANY, CINCINNATI
INSURANCE COMPANY,

          Defendants.

12cv1095

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANT VELOTTA COMPANY'S MOTION TO STAY (DOC. NO. 30)

**I. Introduction**

Currently before the Court is Defendant Velotta Company's ("Velotta's") Motion to Stay Pending Resolution of Velotta's Current Claim Pending with the Pennsylvania Department of Transpiration and Related Administrative Proceeding. Doc. No. 30. The parties' dispute centers on payment by a contractor (Velotta) to a sub-contractor (Brayman Construction Company ("Plaintiff")) for work done on a contract awarded by the Pennsylvania Department of Transportation ("PennDOT").

On April 27, 2012, Velotta notified PennDOT of its intention to challenge PennDOT's determination with regard to liquidated damages. That claim is pending in the Commonwealth's mandatory administrative review process. The action before this Court was originally filed in the Court of Common Pleas of Butler County on July 19, 2012. Doc. No. 1. Defendants removed the case on August 2, 2012. Id. On October 23, 2012, the parties attended a mediation session before William D. Clifford, Esq. and partially resolved their dispute. Doc. No. 29.

After careful consideration of Velotta's Motion to Stay and Brief in Support thereof (Doc. No. 30), Defendant Cincinnati Insurance Company's Response (Doc. No. 31), and Plaintiff's Brief in Opposition (Doc. No. 32), and for the reasons that follow, Defendant Velotta's Motion to Stay (Doc. No. 30) will be **DENIED**.

## II. Discussion

Velotta argues that a stay is within the inherent power of this Court, but does not explicitly argue that the case should be stayed under either the *Colorado River* or *Burford* doctrines. Velotta's claim fails under all three standards. This case does not meet the parallelism requirements of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The administrative action will not adjudicate the duty of Velotta to pay Brayman. Instead, it is focused on the payment to Velotta from PennDOT. Without that necessary parallelism, abstention under *Colorado River* is not appropriate. Abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) is likewise inappropriate because, while state claims are involved, the state law to be applied appears to be settled. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 191-92 (1959). Finally, the Court declines to exercise its inherent power to stay the case on equitable grounds. The Court believes that all parties deserve prompt, fair, and efficient resolution of their dispute.

**III. Order**

AND NOW, this 1st day of November, 2012, **IT IS HEREBY ORDERED** that Defendant Velotta Company's Motion to Stay Pending Resolution of Velotta's Current Claim Pending with the Pennsylvania Department of Transpiration and Related Administrative Proceeding (Doc. No. 30) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All ECF Counsel of Record